UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Dianna Saunders**

    **v.**                                        Civil No. 14-cv-016-PB

**Joanne Fortier, Warden,**
**New Hampshire State Prison for Women**

## REPORT AND RECOMMENDATION

Before the court is respondent Warden Joanne Fortier's motion for summary judgment (doc. no. 5) on Dianna Saunders's petition for federal habeas relief under 28 U.S.C. § 2254. Saunders has objected (doc. no. 8).

## Background

Saunders was found guilty of a being an accomplice to first degree murder, conspiracy to commit murder, theft by unauthorized taking, and theft by misapplication of property, following a jury trial in the New Hampshire Superior Court, sitting at Strafford County ("SCSC"). The New Hampshire Supreme Court ("NHSC") affirmed the conviction. State v. Saunders, 164 N.H. 342, 356, 55 A.3d 1014 (2012). The evidence before the jury included both circumstantial evidence and direct evidence.

Saunders's § 2254 petition asserts the same due process challenge to a jury instruction that she preserved at trial and litigated unsuccessfully in the NHSC:

Saunders's conviction violated her right to due process under the Fourteenth Amendment, in that the jury was instructed that, in a case such as Saunders's, "where both direct and circumstantial evidence is offered for a conviction, the evidence does not have to exclude all rational conclusions other than the defendant's guilt," which had the effect of reducing the state's burden of proof to less than "beyond a reasonable doubt."

The NHSC concluded that, in general, the instruction was improper, as it risked confusing a jury regarding the state's burden of proof.  See id., 164 N.H. at 353, 55 A.3d at 1022. Turning to the case before it, however, the NHSC found that there was no "reasonable likelihood" that the jury in Saunders's case understood the challenged instruction as allowing it to convict Saunders based on proof less than "'beyond a reasonable doubt,'" and that the jury instruction did not "'so infect[] the entire trial that the resulting conviction violate[d] due process,'" id. (quoting Victor v. Nebraska, 511 U.S. 1, 5 (1994), and Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

Respondent moves for summary judgment here, arguing that the NHSC ruling was correct and consistent with federal precedent.  Petitioner objects, asserting that the NHSC ruling unreasonably applied United States Supreme Court precedents to the facts of Saunders's case, and that the jury was reasonably likely to have interpreted the challenged instruction in Saunders's case to allow conviction on proof insufficient to satisfy the "beyond a reasonable doubt" standard.

2

**Discussion**

I.   **Habeas Standard of Review**

In a federal habeas action, relief is not available as to any claim adjudicated on the merits in state court, unless the state court's legal conclusions or application of legal standards to settled facts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Robidoux v. O'Brien, 643 F.3d 334, 338 (1st Cir. 2011).  A state court decision is "contrary to" established federal law, either if it applies a standard of substantive law that differs from, and conflicts with, the standard prescribed by the United States Supreme Court, or if it issues a different ruling than that Court did, based on materially identical facts.  See Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" of federal law is not the same as an incorrect application of such law.  See id. at 411.  The petitioner must show "'that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.'"  Scoggins v. Hall, 765 F.3d 53, 57 (1st Cir. 2014) (quoting Harrington v. Richter, 562 U.S. 86,

3

___, 131 S. Ct. 770, 786-87 (2011)), <u>cert. denied</u>, 83 U.S.L.W. 3581, 2015 WL 133436 (Jan. 12, 2015).

If the issue is one of fact, the habeas court must "apply a presumption of correctness to the [state] court's factual findings and also examine whether there has been an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>John v. Russo</u>, 561 F.3d 88, 92 (1st Cir. 2009); <u>see also</u> 28 U.S.C. § 2254(d)(2).  The petitioner bears the burden of rebutting the presumption of correctness of state court factual findings by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1).

## II.  **Reasonable Doubt and Due Process**

The "beyond a reasonable doubt standard is a requirement of due process." <u>Victor</u>, 511 U.S. at 5.  When confronting a case in which the petitioner contends that the jury instructions lessened the state's burden, resulting in a due process violation, "[t]he constitutional question . . . is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the <u>Winship</u> standard." <u>Victor</u>, 511 U.S. at 6 (citing <u>In re Winship</u>, 397 U.S. 358 (1970) (government must prove every element of a charged offense beyond a reasonable doubt)).

4

In determining the effect of a challenged instruction on the validity of a conviction, the Supreme Court applies the "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp, 414 U.S. at 146-47. "'[T]aken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury.'" Victor, 511 U.S. at 5 (quoting Holland v. United States, 348 U.S. 121, 140 (1954)).

Saunders contends that the trial court's instruction regarding circumstantial and direct evidence lessened the state's burden of proof. With respect to direct and circumstantial evidence, the trial court instructed the jury as follows:

> [W]here both direct and circumstantial evidence is offered for a conviction, the evidence does not have to exclude all rational conclusions other than the defendant's guilt.

The NHSC's ruling in Saunders's case cites the correct legal standard for evaluating a challenged jury instruction affecting whether the state has proven each element of the crime beyond a reasonable doubt. See Saunders, 164 N.H. at 353, 55 A.3d at 1022 (citing Victor, 511 U.S. at 5). That ruling further evaluates the challenged instruction in the context of all of the instructions given to the jury in Saunders's case,

and not in isolation, in a manner that is consistent with federal precedent, see Victor, 511 U.S. at 5; Cupp, 414 U.S. at 147.  The NHSC reasonably concluded that, because the jury in Saunders's trial heard the proper instruction on the state's burden to prove Saunders's guilt beyond a reasonable doubt "approximately twenty times" over the course of the trial, Saunders, 164 N.H. at 353, 55 A.3d at 1022, it was not reasonably likely that the jury understood the specific instruction at issue to allow conviction on less than that which due process requires.  The facts found by the NHSC and relied upon by that court in rendering its decision -- including that the jury heard a proper instruction on reasonable doubt approximately twenty times -- are supported by the record.  Such findings, which must be accepted by this court, see 28 U.S.C. § 2254(d)(2), provide a reasonable foundation for that court's finding of no due process violation.

Saunders argues that the number of times the jury heard the correct reasonable doubt instruction is not a meaningful measure of whether the jury was likely to have misapprehended the state's burden of proof.  Saunders emphasizes, in that regard, that the jury received a written copy of the instructions after hearing them, and further contends that the jury likely focused on the challenged instruction because the case before it

6

involved both circumstantial and direct evidence.  There is, however, no record evidence of jury confusion as to any instruction, including as to the meaning of "beyond a reasonable doubt."  The mere fact that the jury heard and then could read the challenged instruction does not require a finding in Saunders's case that the jurors were reasonably likely to have misconstrued the proper instructions they heard repeatedly at trial and could read during their deliberations, as to whether the state had proven each element of the charged offenses, beyond a reasonable doubt.

In reiterating an argument on which she prevailed in the NHSC – that the challenged instruction was improper and risked jury confusion – and in seeking to prove a due process violation in her case warranting relief on her § 2254 petition, Saunders relies on Holland v. United States, 348 U.S. 121 (1954).  That argument is unavailing, however, as the NHSC ruling is consistent with, and not contrary to that Supreme Court case.  In Holland, the Court found that where the district court gave the jury a proper reasonable doubt instruction, no additional instruction was required concerning the state's burden of proof in a case based solely on circumstantial evidence.  Id. at 140.  Here, as Saunders states in objecting to the respondent's summary judgment motion, "the problem raised in Holland was

turned on its head"; Saunders's counsel at trial specifically objected to the challenged instruction on the ground that it risked confusing the jury, and did not seek out the same type of instruction that the defendant sought in <u>Holland</u>.  Saunders's Obj. to Mot. for Summ. Jt. (doc. no. 8), at 5.  In finding a potential for jury confusion when the jury hears an instruction like that at issue in Saunders's case, and in exercising its supervisory authority as a prudential matter, to prevent trial courts from issuing a similar instruction in future cases, the NHSC's ruling is entirely consistent with <u>Holland</u>.  <u>Holland</u>'s facts are thus not materially the same as Saunders's, and the rulings in the two cases do not conflict.  That case does not provide grounds for granting relief under 28 U.S.C. § 2254.

Saunders has not shown that the NHSC ruling at issue is contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  Accordingly, the motion for summary judgment (doc. no. 5) should be granted, and Saunders's petition (doc. no. 1) should be denied.

## III. <u>Certificate of Appealability</u>

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party."  § 2254 Rule 11(a).  The court will issue the

certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because Saunders has failed to make a substantial showing of the denial of the constitutional right, the district judge should decline to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the district judge should grant respondent's motion for summary judgment (doc. no. 5), deny the petition for a writ of habeas corpus (doc. no. 1), and decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

February 11, 2015

cc:  Robert L. Sheketoff, Esq.
     Jeffrey T. Karp, Esq.
     Elizabeth C. Woodcock, Esq.